### POHL v McAFEE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1040. Decided June 9, 1931

Drewey Wysong and D. L. Dwyer, Dayton, for Pohl.

Marshall & Harlan, Dayton, for McAfee.

**ALLREAD, PJ.**

We are clearly of opinion that if the verdict was to stand upon the proposition of the defendant's negligence it would appear clearly and satisfactorily that the verdict must be set aside. McAfee and his companion knew their time was limited to one half hour to make the trip to lunch and back. They were required to drive the entire distance from the factory to the lunch room at a high rate of speed. While it is true that they may have slowed down at the turn in Summit Street yet we have a right to infer that they still were exceeding the limit of the ordinance as to speed. But independent of this question there is another proposition which we think is conclusive in favor of the verdict on the subject of the negligence of the defendant. McAfee says that as he approached the crossing at Summit Street he was watching a boy on a bicycle who was moving on the same crossing. It appeared McAfee, while watching the boy could have seen Pohl on the same crossing and must be charged with seeing all that he could have seen. We are therefore bound to assume that the jury having found in favor of the defendant, that the evidence upon this issue is insufficient to require that the verdict was contrary to the clear and manifest weight of the evidence.

Where there are two issues submitted to a jury, as in this case, and the verdict is sufficient as to one, the verdict may stand. This was decided in the case of **Ochsner, Administrator v Traction Company, 107th Oh St 33**, and other cases therein cited. We therefore consider the question of contributory negligence. This is a more debatable question. Under older decisions of our Supreme Court the question of contributory negligence was whether the plaintiff observed the rules of ordinary care. **Schweinfurth v Railway Company, 16th Oh St, 215**. The rule of contributory negligence is now that if the negligence of the plaintiff contributes in the slightest degree to his own injury he cannot recover. **Chesrown v DeVere, 101 Oh St, 132, Bartson v Craig, 121 Oh St 371**. The contributory negligence which the evidence tended to prove is first, that the plaintiff moved back and forth on Summit Street as the automobile driven by McAfee approached. This would compel the driver, in order to avoid Pohl to drive on the wrong side of the street. It is also claimed that Pohl in coming from the grocery store went into the street and came angling across in violation of the city ordinance. We have examined the question of contributory negligence carefully. The evidence tending to prove that Pohl wavered back and forth on Summit Street is supported only by the testimony of McAfee and Reed. The other testimony, consisting largely of disinterested witnesses, proves the contrary. Upon the other question, as to Pohl's coming across the street diagonally is supported by not only the testimony of McAfee and Reed but finds some support in the statements or rather conclusion of the plaintiff's witnesses. We find upon full consideration that the verdict must be supported upon the latter proposition. Counsel for the plaintiff

indicates that they were at a handicap because the plaintiff and many of his witnesses speak the English language with difficulty. We appreciate this; and it may have been a handicap, but we find nothing in the record on this subject except the broken language of some of the witnesses. The case has been ably argued by counsel and if we had been sitting as a trial court we may not have agreed to the verdict but we do not see how as a reviewing court we can reach the conclusion that this verdict is contrary to the manifest weight of the evidence. The jury, so far as we can view the record, was an impartial jury, and as the jury was unanimous in its verdict, when a vote of nine of the members would have been sufficient to return a verdict, we are clear that it is not our duty to set aside the verdict and reverse the judgment. So far as the trial court is concerned there are very few errors of law insisted upon. There are some objections to the evidence and some objections to the special charges by court but none to the general charge. We have considered all the points of error to which objections were made and we find that there is no reversible error, either in the rulings upon the evidence or in the special charges. We therefore feel bound to affirm the judgment. Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.